UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent/Plaintiff,<br><br>v.<br><br>JOSE ALBERTO MARQUEZ,<br><br>　　　　　　　Petitioner/Defendant. | Case No.:  08-CR-2019 L<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION [ECF NO. 279.]** |

On August 8, 2022, Petitioner Marquez filed a Motion for Reconsideration of this Court's Order denying his 28 U.S.C. § 2255 motion. [ECF NO. 279.] The Government filed a Response in Opposition on October 20, 2022, and Petitioner filed a Reply on November 4, 2022.  For the following reasons, the Court denies Petitioner's motion.

*I.     Background*

On January 29, 2007, Petitioner Jose Alberto (aka "Bat") Marquez was extradited to the United States from Mexico on federal charges unrelated to the current case. While in custody on these other charges, Petitioner orchestrated a methamphetamine transaction from his jail cell. The transaction involved his co-defendants, Maria Madriaga and Julia Morones, and a confidential informant. At Petitioner 's direction, Morones picked up six ounces of methamphetamine from Madriaga at her home, then delivered it to the

confidential informant at his apartment on April 17, 2007. The informant's apartment was wired for both audio and video recording.

Petitioner was charged by Indictment on June 17, 2008, with one count of conspiracy to distribute methamphetamine under 21 U.S.C. §§ 841(a)(1) and 846, one count of possession of methamphetamine with intent to distribute under 21 U.S.C. §841(a)(1) and aiding and abetting under 18 U.S.C. § 2. On July 22, 2008, the Government filed an Information and Notice seeking an enhanced mandatory penalty of life imprisonment without release under 21 U.S.C. §§841, 846 and 851, based on Petitioner's prior conviction for selling heroin in violation of California Health and Safety Code Section 11352, and his prior conviction for possessing methamphetamine for sale in violation of California Health and Safety Section 11378.  [ECF No. 29.]

A jury trial commenced on March 8, 2011. During trial, the Government played a video recording of the drug transaction for the jury. The jury also heard Petitioner discussing the transaction on recorded phone calls from his jail cell. A chemist testified that the weight of the methamphetamine in the deal exceeded 50 grams of actual methamphetamine. On March 11, 2011, the jury found Petitioner guilty on both counts. [ECF NO. 141.]

On November 4, 2011, this Court sentenced Petitioner to a life sentence on each count to be served concurrently. [ECF NO. 170.] Petitioner appealed his conviction to the Ninth Circuit on November 7, 2011, and on August 5, 2014 the appellate court affirmed his conviction. *United States v. Marquez*, case no. 11-50479 (9th Cir. Jul 11, 2014). The Supreme Court subsequently denied certiorari.

On October 2, 2015, Petitioner filed a Motion to Vacate under section 2255, which was denied after a stay of the case, on November 16, 2018 [ECF Nos. 245, 276.] On August 8, 2022, Petitioner filed the current Motion to Alter and Amend the Court's denial of his section 2255 motion pursuant to Rule 60(b).  [ECF No. 279.] The Government filed a Response in Opposition on October 20, 2022, and Petitioner filed a Reply on November 4, 2022.  [ECF Nos. 281, 283.]

## II. Legal Standard

A Rule 60(b) motion "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Those circumstances include "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," "fraud," and "any other reason that justifies relief." Fed.R.Civ.Pro. 60. A Rule 60(b) motion can be construed as a request for permission to file a second or successive 2255 motion. *Clark v. Lewis*, 1 F.3d 814, 825 (9th Cir.1993). "[A] legitimate Rule 60(b) motion 'attacks ... some defect in the integrity of the federal habeas proceedings,' while a second or successive habeas corpus petition 'is a filing that contains one or more 'claims,'' defined as 'asserted federal bas[e]s for relief' from a court's judgment of conviction." *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013). "Habeas corpus petitioners cannot 'utilize a Rule 60(b) motion to make an end-run around the requirements of AEDPA' or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions. *Jones*, 733 F.3d at 833.

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Before a second or successive 2255 motion can be filed in District Court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A).

## III. Discussion

Petitioner argues that this Court's Order denying his section 2255 petition contains a "fundamental defect" because it incorrectly states his 1980 conviction for selling heroin was instead described as a conviction for selling methamphetamine. (Mot. at 4). Petitioner also raises the same argument he raised in his section 2255 petition that the prior conviction should not have been used to support his sentence of life in prison. (*Id.*)

To the extent Petitioner is challenging the Court's mistaken reference to a prior conviction in San Diego Superior Court case CRS51052 as a sale of methamphetamine

rather than heroin, the Court denies Peittioner's Rule 60(b) motion because the error has no impact on the trial court's sentencing.

In addition, Petitioner is again attempting to challenge the propriety of the Court's reliance on the previous conviction to enhance his custodial sentence. Petitioner has made three prior attempts to argue that his mandatory life sentence should be overturned based on an alleged defect with his prior drug trafficking convictions, and here he styles the same arguments under Rule 60(b). Petitioner previously raised the same challenge on direct appeal and in his section 2255 petition. Petitioner's claim that his motion does not challenge the merits of the case is belied by his assertion that the Court erred in its judgment when it relied on the prior conviction for transportation/sale of controlled substance. (Reply at 2). Therefore, the Court construes the present motion as an attempt to file a second or successive 2255 petition. *Wood.* 759 F.3d at 1120; *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). The Court denies the motion pursuant to 28 U.S.C. §§2244(b)(1), and 2244(b)(3) because Petitioner has not obtained permission to file a successive petition. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3).

IV.   Conclusion and Order

For the foregoing reasons, the Court **DENIES** Petitioner's motion with prejudice.

**IT IS SO ORDERED.**

Dated: January 9, 2023

Hon. M. James Lorenz
United States District Judge